[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff-father commenced this action on October 29, 1985, requesting the Court to dissolve the marriage of the parties, to award him custody of the two minor children, issue of the marriage, and for other relief.
On November 7, 1985, this court (Barall, J.) awarded custody, pendente lite, to the plaintiff. At this time the court noted that Connecticut was then the home state of the two children pursuant to Conn. Gen. Stats. Sec. 46b-93(a), notwithstanding the fact that on that date the children were living in the State of Washington, having been removed there by their mother, the non-appearing defendant.
Subsequent to those orders, the plaintiff was served notice of the pendency of an action brought by the defendant in Washington seeking a dissolution of marriage and custody of the parties' children.
On November 20, 1985, at a hearing held in the Washington Superior Court, it was determined that Connecticut, not Washington, was the home state of the children under the provisions of the Uniform Child Custody Jurisdiction Act (UCCJA).
On December 20, 1985, this court (Barall, J.) awarded physical custody of the two minor children to the defendant mother and further ordered that as of January 8, 1986, upon return of the children to their mother, the defendant, in Seattle, Washington, custody of the children would be joint custody, with the primary residence of the children being with their mother in Washington.
On January 13, 1987, a judgment of dissolution of marriage was entered in this case (Covello, J.); however, the issue of custody was "deferred without prejudice." It was CT Page 11338 noted that at that time the children were living with their mother in Washington. A Family Relations Custody Study was ordered by the Court.
On August 20, 1989, the plaintiff, through Attorney Doris B. D'Ambra, his counsel, notified the Court in writing that he was no longer seeking physical custody of his two minor children.
On July 6, 1992, the plaintiff filed a Motion To Reopen and Modify the Judgment of January 13, 1987, in regard to the custody and visitation of the two minor children.
On July 29, 1992, the defendant filed a Motion To Dismiss "this case", alleging no jurisdiction under the UCCJA, Conn. Gen. Stats. 46b-93.
Having heard argument regarding the plaintiff's Objection To The Motion To Dismiss, this Court finds that the State of Connecticut has continuing jurisdiction as the forum where the existing custody decree was entered on December 20, 1985, unless it declines to exercise jurisdiction as an inconvenient forum under Conn. Gen. Stats. Sec. 46b-97.
The State of Washington could have taken jurisdiction but the record indicates that it did not, even though the children have resided there for many years. It is also noted that neither party questioned Connecticut's continuing jurisdiction or sought to transfer the forum to another state.
For the foregoing reasons the defendant's motion to dismiss is denied and the matter is continued for hearing on the plaintiff's Motion to Reopen and Modify Judgment.
BY THE COURT: Joseph W. Doherty, Judge CT Page 11339